United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THOMAS S. RAMSDELL | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:14-CV-835 |
| | § | (Judge Mazzant/Judge Nowak) |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 14, 2016, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security ("Commissioner") be affirmed (Dkt. #14). Having received the report of the Magistrate Judge (Dkt. #14), having considered Plaintiff Thomas S. Ramsdell's ("Plaintiff") timely filed Objections ("Objections") (Dkt. #15), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #14) as the findings and conclusions of the Court.

**BACKGROUND**

The facts in this case originate from an appeal of the Commissioner's decision in a social security disability insurance case. The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #14). In summary, on August 29, 2011, Plaintiff filed an application for disability and disability insurance benefits under Title II of the Social Security Act ("Act") alleging an onset disability date of May 1, 2009

(TR at 198-200). Therein, Plaintiff alleged impairments of bilateral sensorineural hearing loss and status post partial colon resection. *Id.* at 10-21; 198-200. Plaintiff's claims were initially denied by notice November 21, 2011, and again denied upon reconsideration on February 14, 2012. *Id*. at 73-74, 77-86. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") on March 30, 2012. *Id*. 87-88. The ALJ conducted two hearings, on December 10, 2012, and August 6, 2013, and at such proceedings heard testimony from Plaintiff, a medical expert, and a vocational expert ("Vocational Expert"). *Id.* at 27-56, 57-71. On August 26, 2013, the ALJ issued a decision denying benefits, finding Plaintiff not disabled at step four; and alternatively, at step five of the sequential evaluation process. *Id.* at 10-21. On August 26, 2013, Plaintiff requested Appeals Council review of the ALJ's decision, and on October 24, 2014, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner. *Id.* at 1-6. On December 23, 2014, Plaintiff filed his Complaint in this Court (Dkt. #1). On July 14, 2016, the Magistrate Judge issued a Report and Recommendation (Dkt. #14). On July 28, 2016, Plaintiff filed his Objections to Report and Recommendation of Magistrate Ruling (Dkt. #15).

## **PLAINTIFF'S OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Magistrate Judge's findings at step five of the sequential evaluation, arguing that the Magistrate Judge's conclusion — that the Commissioner properly established the existence of other work Plaintiff can perform — is incorrect (Dkt. #15). Plaintiff does not object to the findings by the Magistrate Judge at step four, including specifically that

2

(1) the ALJ was not required to elicit vocational expert testimony in response to a hypothetical incorporating the precise residual functional capacity limitations found by the ALJ at step four (Dkt. #14 at 12-13); (2) substantial evidence supports the ALJ's residual functional capacity finding (Dkt. #14 at 15-22); and (3) substantial evidence does not support the ALJ's finding that Plaintiff, given the residual functional capacity found by the ALJ, could perform his past relevant work at step four (Dkt. #14 at 23-26; *see* Dkt. #15). As such, the Court adopts these findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. The Court now turns to Plaintiff's Objections to the Magistrate Judge's conclusion at step five. Plaintiff specifically argues that (1) the ALJ could not rely on the Medical-Vocational Guidelines ("GRIDS") and is mandated to obtain vocational expert testimony at step five; and (2) no evidence exists that there are jobs at the medium exertion level Plaintiff can perform.

***Objection #1: Whether Vocational Expert Testimony was Required at Step Five***

Plaintiff asserts that the ALJ improperly relied on the GRIDS in making the step five finding, and was mandated to obtain vocational expert testimony given Plaintiff's non-exertional limitation (Dkt. #15). Plaintiff's objection thus reiterates Plaintiff's position from his opening brief that vocational expert testimony is required at step five in the presence of *any* noise and/or hearing-related impairment (Dkt. #15 at 2-5). Plaintiff specifically asserts that SSR 85-15 and SSR 96-9P require the ALJ to perform an individualized assessment as to the effect of any hearing loss on the occupational base; as such, the ALJ must consult a vocational expert, and may not utilize the GRIDS at step five, in the presence of any noise and/or hearing residual functional limitation. *Id.* Notably, SSR 85-15 states:

> Communication is an important factor in work. The inability to hear, because it vitally affects communication, is thus of great importance. However, hearing impairments do not necessarily prevent communication, and differences in types of work may be compatible with various degrees of hearing loss. Occupations involving loud noise, such as in printing, have traditionally attracted persons with hearing impairments, whereas individuals with normal hearing have to wear ear protectors to be able to tolerate the working conditions. On the other hand, occupations such as bus driver require good hearing. There are so many possible medical variables of hearing loss that consultation of vocational reference materials or the assistance of a VS is often necessary to decide the effect on the broad world of work.

Social Security Ruling 85-15, Soc. Sec. Rep. Serv. 343, 1985 WL 56857, at *8 (Jan. 1, 1985) ("SSR 85-15"). SSR 96-9P states:

> Since all work environments entail some level of noise, restrictions on the ability to work in a noisy workplace must be evaluated on an individual basis. The unskilled sedentary occupational base may or may not be significantly eroded depending on the facts in the case record. In such cases, it *may be* especially useful to consult a vocational resource.

Social Security Ruling 96-9P, 1996 WL 374185, at *9 (S.S.A. July 2, 1996) (hereinafter "SSR 96-9P"). The Magistrate Judge directly addressed SSR 85-15 in detail in the underlying report, finding that the section quoted by Plaintiff, while significant, maintains the ALJ's discretion to call a vocational expert (Dkt. #14 at 28-28). Moreover, Plaintiff's quotation of SSR 85-15 removes the statement from its context which makes clear that consultation of vocational reference materials OR a vocational expert may in some circumstances be necessary, but is not required. SSR 85-15, 1985 WL 56857, at *8. Plaintiff also cites SSR 96-9P in his Objections (Dkt. #15 at 2-6). Plaintiff failed to raise SSR 96-9P in his opening brief; further, Plaintiff's selective quotation of SSR 96-9P similarly removes the requisite statement from its full context (*see* Dkt. #8; Dkt. #11). SSR 96-9P also in no way mandates use of a vocational expert at step five where a limitation or restriction on noise is present. SSR 96-9P, 1996 WL 374185, at *9. Thus, in context, each of SSR 85-15 and SSR 96-9P supports the Magistrate Judge's finding that

an ALJ may still use the GRIDS to direct a finding of not disabled, in the absence of vocational expert input, so long as sufficient medical evidence exists to support such use. *Bruce v. Astrue*, No. 2:09-CV-0200, 2011 WL 4435301, at *9-11 (N.D. Tex. Sept. 7, 2011), *report and recommendation adopted,* No. 2:09-CV-0200, 2011 WL 4439503 (N.D. Tex. Sept. 23, 2011) (stating that ALJ properly relied on Medical-Vocational Guidelines, SSR 85-15, and medical evidence in finding claimant was not disabled at step five). Plaintiff's counsel argues the "better practice would be to follow the guidance of both rulings and to consult a vocational specialist" (Dkt. #15 at 5-6). The Court does not disagree with Plaintiff's proposition in principle; however, that does not alter that such a practice is not mandated. The Court cannot remand based on Plaintiff's belief regarding how the step five analysis is best performed.[1]

In addition, Plaintiff also argues that any non-exertional limitations stemming from an impairment found "severe" at step two preclude use of the GRIDs and requires vocational expert testimony at step five. Plaintiff's argument is illogical. (Dkt. #15 at 2-3). As the Magistrate Judge correctly recognized, an impairment must be found severe at step two under *Stone v. Heckler* unless "it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1103-04 (5th Cir. 1985). This is a low burden, and a different inquiry than that

---

[1] The cases cited by Plaintiff in support of his objection — that the GRIDS cannot be used and a vocational expert must be called in the presence of any restriction on noise — are inapposite or readily distinguishable. Here, Plaintiff suffers from two impairments, one exertional and one non-exertional, the ALJ called a Vocational Expert (although not in response to the precise hypothetical), and the ALJ relied on a social security ruling, not the DOT, in making the ALJ's determination at step five. *Id.* Indeed, *Heckler v. Campbell* found that the GRIDS can be used in lieu of vocational expert testimony, and *Bowling v. Shalala* and *Carry v. Heckler*, while referencing the GRIDs, were decided on other grounds. *Heckler v. Campbell*, 461 U.S. 458, 467 (1983) (finding Medical-Vocational Guidelines can be uses in social security cases); *Carry v. Heckler*, 750 F.2d 479, 483 (5th Cir. 1985); *Bowling v. Shalala*, 36 F.3d 431, 435-37 (5th Cir. 1994). The Fifth Circuit in *Carey v. Apfel* did not consider the propriety or impropriety of the ALJ's use of the GRIDS because it found the ALJ did not rely upon them to render a decision. *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000). And finally, *Fields v. Bowen* considered a situation in which the claimant suffered only from a non-exertional (mental) impairment and not a combination of physical and mental impairments, and the ALJ failed to request vocational expert testimony and/or rely on any evidence besides the Dictionary of Occupational Titles to support the ALJ's step five finding. *Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986) *holding modified by Carey v. Apfel*, 230 F.3d 130-32 (5th Cir. 2000).

performed at the later steps of the sequential evaluation. *Adams v. Colvin*, N. 4:12-CV-490-A, 2013 WL 5193095 (N.D. Tex. 2013). Plaintiff's argument, taken to its natural conclusion, suggests that any non-exertional limitation, however small, found by the ALJ at step four stemming from a severe impairment would be deemed to "significantly affect" the residual functional capacity and mandate vocational expert testimony at step five. "Significantly affect" under the Fifth Circuit's opinion in *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990), and use of the GRIDS generally, would thus be significantly constrained, as a vocational expert would be required in virtually all cases, except those where a bare exertion level (e.g. all light work, all medium work) is found. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (allowing use of the GRIDS when any non-exertional limitations found do not "significantly affect" the residual functional capacity); 20 C.F.R. § Pt. 404, Subpt. P, App. 2. The ALJ did not err in using the GRIDS or in failing to obtain further vocational expert testimony. The decision to call a vocational expert is generally not mandatory and is within the discretion of the ALJ at step five.

### *Objection #2: Whether Jobs Exist that Plaintiff Can Perform at the Medium Exertion Level*

Plaintiff's next objection argues that the Magistrate Judge erred in finding that GRID § 203.15 applied, because no jobs are present in the national economy at the medium exertion level that Plaintiff can perform (Dkt. #15 at 6-8). Notably, Plaintiff does not challenge, nor has he objected to the ALJ's findings regarding Plaintiff's exertion level of medium or lack of exertional limitations (Dkt. #14 at 3). The ALJ specifically found that Plaintiff was not limited to light work, but could perform the higher exertion level of medium work (TR at 17-21). More specifically, the ALJ found that Plaintiff could perform medium work with no additional exertional limitations, and one non-exertional limitation: avoid exposure to concentrated noise

(TR at 17-21). A finding that an individual can perform medium work means that such an individual can perform medium work, light work and sedentary work jobs, because such jobs are within or below the individual's exertional residual functional limitations. 20 C.F.R. § 404.1567(c); *Haynes v. Colvin*, No. 6:12-CV-00330-WSS, 2015 WL 3964783, at *8 (W.D. Tex. June 29, 2015) (finding ALJ's finding that claimant can perform light work not inconsistent with vocational expert testimony that claimant can perform medium work with limitations); *Robinson v. Colvin*, No. CIV.A. 13-175-JJB-RL, 2014 WL 4278840, at *3 (M.D. La. Aug. 28, 2014) (noting claimant's residual functional capacity of medium work included ability to perform medium, light, and sedentary work).

Notwithstanding, Plaintiff argues that SSR 83-12 requires a finding that Plaintiff is disabled, because Plaintiff's non-exertional limitation erodes the medium occupational base significantly, such that GRID § 202.06 (light work, directing a finding of disabled), not GRID § 203.15 should have been applied (Dkt. #15 at 7). Plaintiff intimates in connection with this argument that the Magistrate Judge's report improperly found — in reliance on the testimony of the Vocational Expert — that Plaintiff's hearing impairments would not erode the medium occupational base (i.e. that they would have only a minimal impact on the number of unskilled medium jobs). *Id.*

Plaintiff's citation to Social Security Ruling 83-12 is misplaced (Dkt. #15 at 7). SSR 83-12 states that where a claimant's exertion level is between two categories, the ALJ must determine the erosion of the higher exertion level occupational base, and if the erosion is significant, the lower exertion level GRIDS finding should be used. SSR 83-12, 1983-1991 Soc.Sec.Rep.Serv. 36 (S.S.A. 1983). Accordingly, SSR 83-12 applies, by definition, only to those cases where the exertional limitations are between two exertion levels. *Id.* Here, the

7

ALJ's findings regarding exertion level residual functional capacity limitations were unequivocal; there is no dispute Plaintiff may perform medium exertion work without any exertional limitations (TR at 10-21). And Plaintiff does not challenge this exertion level finding (Dkt. #8; Dkt. #9; Dkt. #11; Dkt. #14; Dkt. #15).

Additionally, the fact that the Vocational Expert identified at hearing only light work does not establish that the medium occupational base has been significantly eroded pursuant to SSR 83-12 or that GRID § 202.06 (light work) rather than § 203.15 (medium work) should be used (Dkt. #15 at 6-8). The Vocational Expert was testifying in response to a more restrictive hypothetical than that ultimately adopted by the ALJ, which included a limitation to light work (TR at 48-56). Plaintiff again argues that the Magistrate Judge's findings at step five are incorrect because the Magistrate Judge relied on the testimony of the Vocational Expert at step five, which Plaintiff posits undercuts the ALJ's determination that "there are other jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform" (Dkt. #15 at 6-8; TR at 20-21). As previously discussed, the ALJ, while not required to, did in fact call a Vocational Expert at hearing. *Id.* at 27-56. The Vocational Expert testified in response to hypothetical incorporating more restrictive exertional and non-exertional limitations than those ultimately found by the ALJ, that Plaintiff could perform three listed jobs at the light exertional level (TR at 51-52). However, the ALJ did not expressly rely upon the testimony of the Vocational Expert at step five; rather, the ALJ relied upon the GRIDS. *Id.* at 20-21. In the report and recommendation, the Magistrate Judge, after noting the significant other evidence which supports the ALJ's step five findings, states:

> The Vocational Expert's testimony, despite Plaintiff's assertions to the contrary, supports the ALJ's Determination, even if the ALJ did not expressly rely thereupon…the Vocational Expert's testimony provides additional evidence to support the ALJ's Determination that Plaintiff was not disabled at step five.

(Dkt. #14 at 30-31). The Magistrate Judge's only assertion is that the Vocational Expert testimony provides additional support (although it is not required) for the ALJ's determination that Plaintiff can perform "other jobs in significant numbers in the national economy" (Dkt. #14 at 30-33).[2]

Here, using a medium exertion level at step five, the ALJ properly analyzed whether the GRIDS could be utilized to direct a finding of disabled or not disabled, including whether Plaintiff's sole non-exertional limitation of "avoid concentrated exposure to noise" substantially affected Plaintiff's residual functional capacity under the Fifth Circuit's jurisprudence in *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (TR at 20-21). The ALJ, citing SSR 85-15 (discussed previously *infra*), specifically found that the limitation to "avoid concentrated exposure to noise" "had little or no effect on the occupational base of unskilled medium work" and "would have only a minimal impact on the number of unskilled medium jobs as represented by Medical-Vocational Rule § 203.15." *Id.* The ALJ therefore concluded that the GRIDS could be applied at step five, and directed a finding of not disabled. *Id.* The Magistrate Judge, in turn, found that the ALJ's decision to utilize the GRIDS, and the resulting findings at step five, were supported by substantial evidence (Dkt. #14 at 26-33). The Court herein agrees. Vocational expert testimony was not required at step five (*See infra* Objection #1); and at step five, in light of Plaintiff's age, work history, transferrable skills, and ability to perform medium work, the sequential evaluation results in a finding of not disabled under Medical-Vocational Guideline § 203.15. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. There are a significant number of

---

[2] Moreover, to the extent that Plaintiff argues that the Vocational Expert testimony undercuts the ALJ's findings at step five, Plaintiff is incorrect (Dkt. #15 at 6-8). The Fifth Circuit's precedent is clear that vocational expert testimony in response to a more restrictive hypothetical than ultimately selected by the ALJ may provide support for the ALJ's ultimate finding; specifically, it shows that even with more restrictions, there are still other jobs in the national economy that a claimant can perform. *Frazier v. Colvin*, No. CIV.A. 12-1728, 2013 WL 4040061, at *5 (W.D. La. Aug. 7, 2013) (affirming finding that claimant not disabled at step five where hypothetical included more restrictive limitations than those found by the ALJ, but included all of claimant's residual functional limitations).

occupations Plaintiff can perform, indeed at that level, § 203.00 (b) of the GRIDS notes: "[t]he functional capacity to perform medium work represents such substantial work capability at even the unskilled level that a finding of disabled is ordinarily not warranted in cases where a severely impaired person retains the functional capacity to perform medium work. Even the adversity of advanced age (55 or over) and a work history of unskilled work may be offset by the substantial work capability represented by the functional capacity to perform medium work." *Id.* The Court finds that use of the GRIDS, specifically GRID § 203.15, was proper here, and directs a finding of not disabled in this instance. Plaintiff's Objections are overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #14), having considered Plaintiff's timely filed Objections (Dkt. #15), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #14) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS SO ORDERED.**

**SIGNED this 10th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE